Filed 4/23/25  P. v. Huertas CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>MIGUEL ANGEL HUERTAS,<br><br>    Defendant and Appellant. | G063491<br><br>(Super. Ct. No. 19HF0719)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Karen L. Robinson, Judge. Affirmed in part, reversed in part, and remanded with directions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Randall D. Einhorn, and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Miguel Angel Huertas appeals the calculation of his custody credits, as well as the imposition of a restitution fine and other assessments. The People concede error occurred with regard to credits but assert the court properly imposed the fine and assessments. We reverse and remand to recalculate custody credits, but otherwise affirm.

FACTS

I.

THE 2019 GUILTY PLEA AND SENTENCE

In December 2019, Huertas entered a guilty plea based upon an indicated sentence.  Huertas admitted he and an accomplice lured the victim to a restroom, where Huertas stabbed the victim multiple times with a knife. Huertas further admitted he was a member of the Varrio Viejo street gang and that the victim had been "'green lit'" by the gang for an attack because the victim was a gang member "in bad standing."

Huertas pleaded guilty to premeditated attempted murder (Pen. Code, §§ 187, subd. (a), 664, subd. (a))[1] and conspiracy (§ 182, subd. (a)(1)). Huertas admitted two enhancement allegations of street gang activity (§ 186.22, subds. (b)(1), (b)(4)), one enhancement allegation of inflicting great bodily injury (§ 12022.7, subd. (a)), and one enhancement allegation of personal use of a deadly weapon (§ 12022, subd. (b)(1)), all of which were to be stricken for purposes of sentencing.  Huertas also admitted a prison prior pursuant to section 667.5, subdivision (b).

As he acknowledged, Huertas faced a potential maximum sentence of 15 years to life, plus 23 years, in state prison.  But consistent with the sentence indicated in the written guilty plea, the court sentenced

---

[1]        All further statutory references are to the Penal Code, unless otherwise stated.

Huertas to eight years in prison, consisting of seven years for attempted murder and one year for the prison prior.

Consistent with the written plea form, the court awarded 195 actual days and 29 days of good time/work time for total credits of 224 days. Consistent with the plea form, the court ordered Huertas to pay restitution on all counts, in an amount to be determined later. Consistent with the plea form, the court ordered Huertas to pay a $300 mandatory state restitution fine, a $300 parole revocation fee (which was stayed), a $30 criminal conviction assessment fee per convicted count, and a $40 court operations fee per convicted count.

## II.

### THE 2023 RESENTENCING

In October 2023, due to Huerta's prison prior enhancement (§ 667.5, subd. (b)) being declared retroactively invalid by subsequent legislation, the court recalled his sentence for a resentencing hearing. (See § 1172.75.) The court considered argument from counsel and the circumstances of the offenses as admitted by Huertas.

The court once again imposed the midterm of seven years in state prison for attempted murder and stayed the conspiracy count pursuant to section 654. This time, of course, no additional year was imposed for the invalidated prison prior enhancement and Huertas's total sentence was reduced to seven years. To facilitate this total sentence, the court again struck the premeditation enhancement, the gang enhancements, and the great bodily injury enhancements.

As to "presentence credits," the court (in 2023, more than three years into Huertas's prison term) repeated the same number (195 actual days plus 29 good time/work time credits, for a total of 224 credits) that was

3

awarded in 2019.  The court noted, "The Department of Corrections will determine all of the defendant's post-conviction credits."  The amended abstract of judgment listed the 224 total credits, but also stated: "The court orders the Dept. of Corrections to determine actual credit."

The 2023 resentencing court also reiterated the same orders with regard to actual restitution (though none had yet been awarded), the $300 mandatory state restitution fine (Pen. Code, § 1202.4, subd. (b)), the (stayed) $300 parole revocation restitution fine (Pen. Code, § 1202.45), the $30 criminal conviction assessment fee per conviction for a total of $60 (Gov. Code, § 70373), and the $40 court operation fee per conviction for a total of $80 (Pen. Code, § 1465.8).  In response to a request to waive the fines and fees, the court stated, "[T]he defendant is working in prison. He's earning something and probably has some ability to pay some of these fines. So I will leave them in place."

## DISCUSSION

Huertas takes issue with the 2023 sentencing court's: (1) calculation of credits; and (2) imposition of $440 in fines and assessments.

We agree with the People's concession that the court erred in its identification of credits for actual time served.[2] To be clear, nothing in the court's sentencing pronouncement suggested Huertas would be deprived of credit for time served in prison between 2019 and 2023. But rather than leaving it to the Department of Corrections and Rehabilitation, binding authority requires a resentencing court to calculate the total amount of

---

[2] Huertas properly raised this issue in the trial court after the appeal was filed, but the trial court declined to fix the problem. (§ 1237.1 [trial court retains jurisdiction to adjust credits despite the filing of an appeal].)

4

"*actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) Huertas asserts he had accrued an additional 1,415 days of actual custody credits between the first and second sentencing hearings. On remand, the trial court shall recalculate actual custody credits and prepare an amended abstract of judgment. (See *People v. Dowdy* (2024) 107 Cal.App.5th 1, 14.)[3]

We reject Huertas's contention that the court erred by imposing a total of $440 in fines and assessments that he agreed to pay in his written plea in 2019.

Huertas asserts the record lacks substantial evidence of his ability to pay. (See, e.g., *People v. Duenas* (2019) 30 Cal.App.5th 1157, 1164–1167 [holding it is a violation of due process to impose financial penalties on defendants without a determination of their ability to pay].) Some courts have followed *Duenas* or refocused the analysis under the Eighth Amendment to the United States Constitution prohibition against excessive fines. (See, e.g., *People v. Cowan* (2020) 47 Cal.App.5th 32, 42.) Other courts have concluded *Duenas* was wrongly decided. (See, e.g., *People v. Adams* (2020) 44 Cal.App.5th 828, 832.) The Supreme Court ultimately will answer whether courts imposing fines and fees must consider the ability to pay and which side bears the burden of proving the inability to pay. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

---

[3] We note that it also appears the court erred by failing to impose sentence on the conspiracy count before staying execution pursuant to section 654. (See *People v. Mani* (2022) 74 Cal.App.5th 343, 380 ["When a court determines that a conviction falls within the meaning of Penal Code section 654, it is necessary to *impose* sentence and to stay the *execution* of the duplicative sentence"].) This issue was not raised in this appeal, but it may be addressed at the resentencing upon remand.

We decline to revisit all of the thorny constitutional issues discussed extensively in the authorities cited above (and many others). "[E]ven assuming a constitutional violation occurred, any alleged error is harmless beyond a reasonable doubt." (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1061 [the record supported the inference that young and able-bodied convicted defendants could pay fines and fees from prison wages or other sources].) Here, the court imposed a total of $440 in fines and assessments against a defendant who pleaded guilty to attempted murder and acknowledged these precise fines and fees would be imposed in his guilty plea. The total amount at issue is minimal.[4] Huerta is a young man, born in the year 2000. The trial court pointed to Huertas's history of work in prison as evidence of his ability to pay some of the amount owed (though admittedly at an extremely low wage pursuant to the evidence submitted by Huertas). Huertas had served most of his seven year prison sentence as of October 2023 and can reasonably be expected to access additional means of repayment upon his release from prison. The record here supports the imposition of $440 in fines and assessments. Any error in procedure or mode of analysis by the trial court was harmless.

---

[4] We note that the $300 state restitution fine is the bare minimum amount allowed, on a range of options from $300 to $10,000. (§ 1202.4, subd. (b)(1).) And "[a] defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine." (*Id.*, subd. (c).)

## DISPOSITION

The judgment is reversed and remanded to the trial court to recalculate actual custody credits prior to resentencing. As noted in footnote 2, it also appears the court should impose sentence on count 2 before staying execution of that sentence pursuant to section 654. Upon completion of the new sentencing hearing the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.

7